**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TIMOTHY O'NEAL BULLOCK,**

**Plaintiff,**

**v.** **Civil Action No. 3:26cv132**

**CHADWICK S. DOTSON,**

**Defendant.**

**MEMORANDUM OPINION**

Plaintiff, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Plaintiff's Complaint appears to be a form from a different state. In that Complaint, Plaintiff does not identify the particular constitutional right that was violated by the defendant's conduct. Plaintiff's allegations also fail to provide the defendant with fair notice of the facts and legal basis upon which his liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on July 24, 2026, the Court directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit a particularized complaint would result in the dismissal of the action.

More than thirty (30) days have elapsed since the entry of the July 24, 2026 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the July 24, 2026 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 9/10/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge